## STATE VS. KLINE.

The qualified voters of a city having elected the mayor and other municipal offi-
cers before the passage of the act of incorporation, it is within the constitutional
power of the Legislature to appoint the persons, so intended to be elected, officers
of said corporation, and to declare their acts as such legal and binding in every
respect—such action on the part of the Legislature does not violate that provision
of the constitution which prohibits the passing of *ex post facto* laws, or of laws
impairing the obligation of contracts.

*Error to Desha Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, for plaintiff.

CLAYTON, for the defendant.

Mr. Justice COMPTON delivered the opinion of the Court.

The qualified voters of the city of Napoleon, elected a mayor
and other municipal officers, on the 3d day of January, 1859,
believing that the Legislature had passed an act incorporating
the city, and authorizing an election to be then held. Ascer-
taining, however, that the act of incorporation was not passed
until the 24th day of that month, application was made to the
Legislature, and, on the 21st day of February, 1859, an act
was passed, entitled " an act for the relief of the citizens of
Napoleon;" which, after reciting the election of Cyrus L. Kline,
as mayor, and certain other municipal officers, and that in
consequence of the " delay in passing " the act of incorpora-
tion, the validity of said election was doubtful, enacts, that the

said Cyrus L. Kline, and other officers, "intended to be elected under the charter, approved 24th January, 1859, be and are hereby appointed to fill the respective offices in said city, to which they were so elected as aforesaid, and for the time of their said election, without further commission or qualification, and that the acts of said mayor, city council and constable, be legal and binding in every respect, the same as if said election aforesaid had been legal."

On writ of *quo warranto*, issued against Kline, the Circuit Court decided that the act of 21st February, 1859, was not unconstitutional, and that Kline held the office of mayor by legal authority: and the decision was correct. That provision of the constitution which declares that no *ex post facto* law shall be passed, applies exclusively to criminal laws (*Taylor vs. The Governor*, 1 *Ark.* 21); and that provision which prohibits the enactment of any law impairing the obligation of contracts, has no application to a case like this. The city of Napoleon was a public corporation, and the right of the Legislature to create, alter, regulate, or abolish public corporations, is a principle inherent in their very nature. They are auxiliaries of the government in the business of municipal rule, and must necessarily be and are subject to the absolute control of the Legislature. They have no pretension to sustain their privileges or their existence upon any thing like a contract between them and the law making power. *Angel & Ames on Corp.* (4 ed.) p. 28, *and authorities there cited*. The proposition that a statute is void merely because it is in terms retroactive, cannot be maintained. True, as a rule of construction, the effort of the courts is always to give statutes a prospective effect; but where, as in this case, a retroactive effect is expressly and clearly intended, and the enactment does not fall within any of the recognized prohibitions upon legislative power, it would be an unwarrantable exercise of judicial authority to say it should not have that effect. "There is, indeed, a large number of cases," says Mr. Sedgwick, "in which appeals are

made for legislative relief or assistance, in which it would be very injurious to assert the doctrine that the Législature is incompetent to pass laws having a retroactive effect. Such are laws declaring valid acts of official persons irregularly elected; amending charters of incorporated companies; correcting assessment rolls irregularly made; extending the time for collection of taxes and for reports required by law; altering and amending judicial procedure. In these, and many other cases, it is difficult to avoid giving the acts of the Legislature a retroactive effect; and every such effect must or may influence injuriously some individual case. But the interests of the community are paramount. These cases are not treated as touching vested rights, and the power of the Legislature is admitted." *Sedgw. on Stat. & Con. Law, page* 118; *Walter vs. Bacon,* 8 *Mass.* 468; *Davison vs. Johonnot,* 7 *Metc.* 396; *Locke ad. vs. Dane,* 9 *Mass.* 362; *Syracuse City Bank vs. Davis,* 16 *Barbour* (*S. C.*) 188.

Finding no error in the record, the judgment must be; in all things, affirmed with costs.

Absent Mr. Justice FAIRCHILD.